# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FOLAYAN D. ZHENG,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
CH-1221-20-0105-W-1

DATE: August 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Folayan D. Zheng, Carmel, Indiana, pro se.

Eric Y. Hart, Esquire, Indianapolis, Indiana, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. For the reasons discussed below, we DENY the appellant's petition for review. We AFFIRM the initial decision insofar as it found the appellant's individual right of action (IRA) appeal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

untimely filed. However, we FORWARD the appellant's involuntary resignation appeal to the regional office for docketing because she did not make a binding election to seek corrective action with the Office of Special Counsel (OSC).

**BACKGROUND**

Effective April 26, 2018, during her probationary period, the appellant resigned from her position with the agency as a GS-11 Information Technology Specialist in the competitive service. Initial Appeal File (IAF), Tab 17 at 40. Thereafter, on November 24, 2019, she filed an appeal with the Board. IAF, Tab 1. On her initial appeal form, she indicated that she was challenging an involuntary resignation. *Id*. at 5. She also indicated that she had filed a complaint with OSC for which she had received a decision on April 3, 2019. *Id*. at 6. The appellant provided a corresponding close-out letter from OSC dated April 3, 2019, which informed her that it was terminating its investigation into her complaint, i.e., OSC File No. MA-19-1725, and that she could appeal the matter to the Board within 65 days. *Id*. at 3. The close-out letter indicated that OSC was terminating its investigation into the appellant's allegations that she had, among other things, been coerced into resigning in reprisal for equal employment opportunity (EEO) activity and various disclosures. *Id*.

In her initial filings with the Board, the appellant referenced an additional OSC complaint number, i.e., OSC File No. MA-19-3968, for which she averred that she had received a "final OSC communication" in October 2019; however, she did not provide any additional information discernably related to this complaint. *Id*. at 1. She also referenced three prior EEO complaints that she had filed with the agency, *id*. at 5, and submitted numerous documents, the majority of which were filings associated therewith, *id*. at 16-165. The appellant did not request a hearing on the matter. *Id*. at 4.

The administrative judge issued a jurisdictional order wherein he explained the circumstances under which the Board has jurisdiction to adjudicate IRA

appeals, and he ordered the appellant to file specific evidence and argument regarding jurisdiction. IAF, Tab 5 at 2-8. The jurisdictional order did not address the appellant's apparent attempt to challenge her involuntary resignation independent of her IRA appeal. IAF, Tab 1 at 5. The administrative judge also issued a timeliness order wherein he explained that it appeared as though the filing period in the matter began on April 3, 2019, i.e., the date of OSC's close-out letter; however, the appellant's Board appeal was not filed until November 24, 2019, some 170 days late. IAF, Tab 6 at 2. Accordingly, he informed the appellant of her burden regarding timeliness, and he ordered her to file evidence/argument regarding the same. *Id*. at 2-3. The appellant thereafter submitted three filings responsive to one or both of these orders. IAF, Tabs 9-10, 12.

Regarding the timeliness issue, the appellant argued that the administrative judge should invoke the doctrine of equitable tolling because (1) she had been confused by deadlines associated with her EEO matters and (2) OSC's April 3, 2019 close-out letter had failed to sufficiently address all of the matters that she had raised in her OSC complaint. IAF, Tab 9 at 3-8. Following its receipt of the appellant's pleadings, the agency filed a motion to dismiss the matter as untimely filed and for lack of jurisdiction. IAF, Tab 17 at 4-8. With its motion, the agency provided a copy of a February 14, 2019 final agency decision (FAD) issued in response to a May 21, 2018 EEO complaint filed by the appellant. *Id*. at 29-39. The FAD indicated that the appellant's EEO complaint had alleged, among other things, that the agency's reprisal for her prior protected EEO-related activity had compelled her to resign from her position. *Id*. at 30-39. The FAD concluded, however, that the appellant had not prevailed on any of her claims and, therefore, was entitled to no relief. *Id*. at 37. The FAD did not provide the appellant with her Board appeal rights. *Id*. at 37-39.

Based on the written record, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 23, Initial Decision

(ID) at 1-2, 9. In so doing, the administrative judge explained that the appellant had filed her IRA appeal over 7 months after her receipt of OSC's close-out letter, well outside the statutory time limit. ID at 6. He concluded that neither of the appellant's apparent arguments, i.e., (1) she did not believe that she could file her Board appeal until an EEO matter was resolved and (2) OSC's close-out letter had failed to sufficiently address all of the issues she had raised, provided a basis to apply equitable tolling. ID at 6-8. He explained that, although the appellant had referenced a separate OSC complaint, the appellant had not provided any information relevant to this complaint and, in any event, had acknowledged that OSC had informed her that it had terminated its investigation into the matter in July 2019, which would necessarily render her November 24, 2019 Board appeal untimely. ID at 7 n.3. The administrative judge explained that, "because the record [was] sufficiently developed to make a clear determination on timeliness," he did not need to resolve the issue of jurisdiction. ID at 2 n.1.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 5. In her petition, the appellant argues the following: (1) her IRA appeal was timely filed because OSC had reopened its investigation; (2) the administrative judge erred by not invoking the doctrine of equitable tolling; and (3) the agency never informed her of her Board appeal rights. PFR File, Tab 1 at 1-14. The appellant also provides additional documents.[2] *Id*. at 15-49.

---

[2] The appellant's additional documents include a new version of an OSC Form-11 dated December 30, 2018, an OSC Form-11 dated March 29, 2019, a May 30, 2019 letter to OSC, and email correspondence with an OSC attorney. PFR File, Tab 1 at 15-49. The appellant provides no explanation as to why she did not submit this evidence, all of which predates the initial decision, to the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980 (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d). Moreover, none these documents, some of which we have discussed in greater detail herein, are material to the outcome of this appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's assertion regarding OSC's purported reopening of its investigation does not provide a basis to disturb the administrative judge's conclusion that the appellant's IRA appeal was untimely filed.</u>

The appellant contends that her Board appeal was timely filed because, after she informed OSC that it had failed to address all of her claims in its April 3, 2019 close-out letter for OSC File No. MA-19-1725, OSC purportedly reopened its investigation under a new file number, i.e., OSC File No. MA-19-3968. *Id*. at 3-4. She asserts that OSC File No. MA-19-3968, and, by extension, OSC File No. MA-19-1725, remained open until October 16, 2019, thereby rendering her November 24, 2019 Board appeal timely filed. *Id*. at 4-5, 9-10; IAF, Tab 1. We disagree.

An appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her. 5 U.S.C. § 1214(a)(3)(A); *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. *See Heimberger*, 121 M.S.P.R. 10, ¶ 6; 5 C.F.R. § 1209.5(a)(1). The appellant bears the burden of proving by preponderant evidence[3] that she timely filed her appeal. *See Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 8, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010); 5 C.F.R. § 1201.57(c). The Board has found that OSC's reopening of an appellant's case after it has already issued a close-out letter in the matter creates a new statutory filing period, providing the appellant with the right to file an IRA appeal either within 65 days after OSC issued its new close-out letter or, in the absence of a

___

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

final OSC determination, at any time following 120 days from OSC's reopening of the matter. *Kalus v. Department of Homeland Security*, 123 M.S.P.R. 226, ¶¶ 9-10 (2016).

Here, even assuming, as alleged, that OSC reopened OSC File No. MA-19-1725 under OSC File No. MA-19-3968, a different outcome is not warranted. As set forth in the initial decision, the appellant acknowledged that, in July 2019, she received an email indicating that OSC has closed its investigation into OSC File No. MA-19-3968. ID at 7 n.3; IAF, Tab 9 at 6, Tab 12 at 14. Indeed, on review, the appellant provides a July 12, 2019 email from an OSC employee with the subject line "OSC MA-19-3968," which stated unequivocally that "the matter is closed." PFR File, Tab 1 at 30-31. Other documents that the appellant provides indicate that the appellant, who apparently disagreed with this outcome, continued to send follow-up emails to an OSC attorney, including a September 13, 2019 email request for OSC to once again reopen the matter. *Id*. at 32-35. On October 16, 2019, the OSC attorney responded to the appellant's emails and explained that the matter had been closed in July 2019. *Id*. at 35. That an OSC employee responded to the appellant's emails on October 16, 2019, did not negate the July 12, 2019 closure of the matter or otherwise restart the statutory time period. *See Kalus*, 123 M.S.P.R. 226, ¶ 10 (explaining that an appellant's mere request for OSC to reopen its investigation does not affect the deadline to file an IRA appeal with the Board; rather, it is OSC's decision to reopen that restarts the statutory time period); *see also Heimberger*, 121 M.S.P.R. 10, ¶¶ 7-8 (explaining that neither OSC's denial of a request to reopen nor its denial of a reconsideration request restarts the statutory time period). Thus, the appellant admittedly received notice that OSC had closed the matter more than 65 days before she filed her appeal with the Board, and we find that the appellant's assertions regarding OSC's purported reopening of its investigation do not provide a basis to disturb the administrative judge's conclusion that the appellant's IRA appeal was untimely filed.

The appellant's assertions regarding equitable tolling are unavailing.

The appellant argues that the administrative erred by not invoking the doctrine of equitable tolling. PFR File, Tab 1 at 5-13. In particular, she contends that equitable tolling was appropriate because (1) personnel in the agency's EEO office engaged in a series of improprieties and (2) OSC did not provide her with either a formal close-out letter or her Board appeal rights when it closed OSC File No. MA-19-3968. *Id.*

The Board cannot waive the statutory time limit for filing an IRA appeal for good cause. *Heimberger*, 121 M.S.P.R. 10, ¶ 9. However, the Board might invoke the doctrine of equitable tolling to suspend the filing period for equitable reasons, such as when the appellant has been induced or tricked by her adversary's misconduct in allowing the deadline to pass or filed a defective pleading during the statutory period. *Id.*, ¶ 10; 5 C.F.R. § 1209.5(b). The Board only applies this remedy in unusual circumstances and generally requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10; 5 C.F.R. § 1209.5(b).

First, the appellant contends that equitable tolling is appropriate because the agency's EEO office engaged in various improprieties, including frequently misinterpreting her EEO complaints, continually failing to address the entirety of her EEO complaints, and indefinitely deferring its decisions on her EEO complaints. PFR File, Tab 1 at 5-9, 19. We find these assertions unavailing. Indeed, the appellant does not allege, nor does the record suggest, that the purported misdeeds of EEO personnel ever involved inducement or trickery regarding the statutory deadline relevant to her IRA appeal. *See Heimberger*, 121 M.S.P.R. 10, ¶ 10. Instead, the appellant's filings suggest that she disagreed with the handling/resolution of many EEO-related matters and sought resolution for these issues while the filing deadline for her IRA appeal passed. *See Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 16 (2012) (finding that

the appellant's allegation that he was waiting for the Office of Personnel Management to reconsider its decision while the filing deadline at the Board passed did not support equitable tolling); *see also Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 12 (2009) (explaining that an appellant's lack of due diligence in preserving his legal rights is not a basis for equitable tolling). Thus, a different outcome is not warranted.

Second, the appellant argues that equitable tolling is appropriate because, in closing OSC File No. MA-19-3968, OSC failed to provide her with either a formal close-out letter or her Board appeal rights. PFR File, Tab 1 at 4, 9-10. We disagree. Here, on April 3, 2019, OSC provided the appellant with her Board appeal rights regarding OSC File No. MA-19-1725. IAF, Tab 1 at 3. As stated, OSC thereafter purportedly reopened the matter under OSC File No. MA-19-3968 and, on July 12, 2019, closed the matter once again via email. PFR File, Tab 1 at 30-31. Following a July 12, 2019 email inquiry from the appellant regarding whether she would receive another formal close-out letter with her Board appeal rights, *id*. at 31-32, on July 16, 2019, an OSC attorney explicitly informed the appellant that the July 12, 2019 email constituted the close-out letter and that, given the nature of her allegations, she "[did] not have an appeal right," *id*. at 32.[4] Although this language could have misled the appellant regarding the appeal rights that she had previously received on April 3, 2019, we find, given the circumstances here, that there is no basis to apply equitable tolling. Indeed, the record does not indicate, and the appellant does not allege, that she either relied on the language regarding her appeal rights in the July 12, 2019 email or

[4] OSC presumably informed the appellant that she did not have a Board appeal right because, following her receipt of OSC's April 3, 2019 close-out letter, IAF, Tab 1 at 3, the appellant contacted OSC and averred that OSC had incorrectly interpreted her complaint as having alleged whistleblower retaliation, PFR File, Tab 1 at 29. In particular, she stated to OSC that her "[OSC] complaints did not ever allege that [OSC should] investigate reprisal for whistleblowing." *Id*. Thus, in short, the appellant faults OSC for failing to provide her with additional IRA appeal rights after she had informed OSC she had not alleged whistleblower reprisal, i.e., she had not made a claim that would form the basis of an IRA appeal.

otherwise believed that she lacked Board appeal rights; rather, the record indicates, and the appellant concedes, that she knew she could appeal OSC's determination to the Board; however, she did not timely do so because (1) she wanted to first resolve various EEO matters and (2) she disagreed with OSC's decision to close its investigation. *Id.* at 5, 12-13, 31-35; *see Heimberger*, 121 M.S.P.R. 10, ¶ 12 (finding no basis for equitable tolling when, although OSC's close-out letter contained misleading language, there was no indication that the misleading language was causally related to the appellant's untimely filing). Indeed, the appellant continued to request further investigation from OSC until October 16, 2019, when she apparently accepted that OSC had, in fact, closed the matter; shortly thereafter, she appealed to the Board. PFR File, Tab 1 at 31-35; IAF, Tab 1. Thus, a different outcome is not warranted.

We forward the matter for docketing of the appellant's involuntary resignation claim as an adverse action appeal because the appellant did not make a knowing and informed election of remedies.

In her initial appeal, the appellant stated that she was appealing an involuntary resignation. IAF, Tab 1 at 5. In addition, she provided information and documentation regarding her OSC complaint, in which she had alleged that her resignation had been coerced by the agency in retaliation for her whistleblowing disclosures. *Id.* at 1-3, 29-31. An appellant may pursue an involuntary resignation claim as a personnel action in an IRA appeal after exhausting her remedies with OSC or she may file an appeal challenging the action directly with the Board, in which case she must show that her resignation was involuntary and was therefore tantamount to an appealable removal. *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2015); *Salazar v. Department of Army*, 115 M.S.P.R. 296, ¶ 9 (2010).

Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board, and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C.

§ 2302(b)(1), may elect one, and only one, of the following remedies: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure;[5] or (3) an OSC complaint, potentially followed by an IRA appeal. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 15 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39; 5 C.F.R. 1209.2(d)(1). An election under 5 U.S.C. § 7121(g) is binding only if it was knowing and informed. *Corthell*, 123 M.S.P.R. 417, ¶ 17. An agency's failure to inform an employee fully of her potential appeal rights under 5 U.S.C. § 7121(g) and any limitation on those rights precludes a finding that the appellant made a knowing and informed election of remedies under that provision. *Id.*

Here, although the appellant sought corrective action with OSC before she appealed the matter to the Board, i.e., she elected an avenue of redress with OSC, the record is devoid of any indication that this election was knowing and informed. IAF, Tab 1 at 3; *see* 5 U.S.C. § 7121(g)(4)(C) (stating that an individual will be considered to have elected to pursue a remedy with OSC if the individual has sought corrective action by making an allegation under 5 U.S.C. § 1214(a)(1)). In this regard, there is no indication that the agency issued a letter of decision regarding the appellant's resignation that might have informed her of her election rights. *See* 5 C.F.R. § 1201.21. Moreover, there is no indication that the appellant was informed of either her potential remedies or the preclusive effect of an election through any other means, such as the February 14, 2019 FAD. IAF, Tab 17 at 37-39. In light of these circumstances, the appellant's election to seek corrective action with OSC was not binding; thus, because it appears that the appellant was attempting to appeal her allegedly involuntary

---

[5] Insofar as the appellant was a probationary employee at the time of her resignation, IAF, Tab 17 at 40, this avenue of redress is inapplicable here, *see Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 10 (2006) (explaining that probationary employees in the Federal Government have no right to grieve under a negotiated procedure).

resignation directly with the Board, we forward the matter for docketing as an involuntary resignation appeal.[6]

## ORDER

For the reasons discussed above, we affirm the initial decision, which dismissed the appellant's IRA appeal as untimely. We forward the appellant's involuntary resignation claim to the regional office for further adjudication in accordance with this Order.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[6] The issues of timeliness and jurisdiction are typically inextricably intertwined in an appeal based on an alleged involuntary resignation because, if the agency has subjected the employee to an appealable action, then the agency's failure to inform an employee of her right to appeal may excuse an untimely filed Board appeal. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). Generally, an appellant may establish good cause for an untimely filing of an involuntary resignation claim if the agency knew or should have known of facts indicating that the action was involuntary but did not inform the appellant of her appeal rights. *Id*. Here, as the appellant argues on review, although she alleged in one of her EEO complaints that she believed that her resignation had been involuntary, the agency never informed her of her Board appeal rights. PFR File, Tab 1 at 2; IAF, Tab 17 at 29-39. If an agency fails to advise an employee of appeal rights when it should have done so, the appellant is not required to show that she exercised due diligence in attempting to discover her appeal rights; rather, the appellant must show that she was diligent in filing an appeal after learning that she could do so. *Brown*, 115 M.S.P.R. 609, ¶ 5.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.